UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUKE GREGORY ZIEROTH,<br>    Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 1:19-CV-181-DRL-JEM<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Luke Gregory Zieroth, and Plaintiff's Opening Brief in Support of his Motion to Reverse the Decision of the Commissioner of Social Security [DE 14], filed October 10, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for an award of benefits. On December 5, 2019, the Commissioner filed a response, and on January 23, 2020, Plaintiff filed a reply.

On October 1, 2019, Judge Damon R. Leichty entered an Order [DE 13] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the decision of the Administrative Law Judge be reversed and the case remanded for further proceedings.

**I.    Background**

On July 17, 2015, Plaintiff filed an application for benefits alleging disability beginning

November 9, 2011. Plaintiff's application was denied initially and upon consideration. On January 24, 2018, a video hearing was held before Administrative Law Judge ("ALJ") Eric Westley, at which Plaintiff, Plaintiff's attorney, and a vocational expert ("VE") appeared. On March 29, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since July 17, 2015, the application date.

2. The claimant has the following severe impairments: autistic disorder, anxiety disorder, and affective disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, routine, repetitive tasks in a setting with occasional changes. The claimant can briefly interact with supervisors, coworkers, and the public if that interaction is limited to speaking-signaling as it is defined in the SCO.

5. The claimant has no past relevant work.

6. The claimant was 22 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant can perform

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 17, 2015, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

3

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions.").

**III.   Analysis**

Plaintiff argues that the ALJ misapplied the criteria for Listings 12.04 and 12.06, failed to adequately support his conclusion that Plaintiff's impairments did not meet or medically equal a listing, and failed to properly account for Plaintiff's mental limitations in the RFC. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that

his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id.*

The ALJ found that Plaintiff's severe mental impairments did not meet or medically equal the criteria of Listings 12.04 ("Depressive, bipolar, and related disorders") and 12.06 ("Anxiety and obsessive-compulsive disorders"). The criteria for those listings changed on January 17, 2017, which was after three state agency consultants gave their opinions (the last issuing in May 2016), but before the ALJ's March 29, 2018 decision. For example, where the prior criteria emphasized limitations of "activities of daily living" and "social functioning," the updated criteria discuss the ability to "understand, remember, and apply information," "interact with others," and "adapt or manage oneself." *See* 20 C.F.R. 404, Subpt. P, App. 1, § 12.04, 12.06 (updated criteria); 81 Fed. Reg. 66138, 2016 WL 5341732 (Sept. 26, 2016) (prior criteria).

Plaintiff argues the ALJ should have sought an updated medical opinion specific to the new criteria. But although the ALJ gave the state agency opinions "great weight" in fashioning the RFC, he did not use them as evidence in support of his findings on the new criteria, *see* AR 128-130. *Cf. Goodrich v. Berryhill*, No. 4:18-CV-3-JEM, 2019 WL 459048, at *9-10 (N.D. Ind. Feb. 5, 2019) (remanding for an updated opinion based on the new mental impairment criteria where the ALJ "relied on [previous medical] opinions to make his step three finding" and the plaintiff presented significant new medical evidence). This alone does not require remand, because while ALJs must rely on experts to interpret medical evidence, they are not necessarily required to obtain a medical opinion specifically as to whether a claimant meets or equals a listing. *See* Social Security Ruling 17-2p, 2017 WL 3928306, *3-4 (Mar. 27, 2017) (explaining that ALJs determine whether a listing

5

is met or equaled, and "*may* ask for and consider evidence from medical experts") (emphasis added).

Next, Plaintiff argues that the ALJ misapplied the listing criteria. A claimant can meet Listing 11.04 or 11.06 by meeting the Paragraph 'A' and 'C' criteria common to both listings. *See* 20 C.F.R. 404, Subpt. P, App. 1, §§ 11.04, 11.06. The ALJ apparently assumed that Plaintiff met the 'A' criteria (essentially, that Plaintiff had severe depressive and anxiety disorders), but found that Plaintiff did not meet the 'C' criteria. On the 'C' criteria, the ALJ found: "The record does not establish that the claimant required an ongoing highly structured setting and has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already parts of the claimant's daily life." But Plaintiff did not need to show that he required both a "highly structured setting" and "marginal adjustment." Rather, the regulations require a finding of (1) "medical treatment, mental health therapy, psychosocial support(s), *or* a highly structured setting[] . . ." *and* (2) "[m]arginal adjustment." 20 C.F.R. 404, Subpt. P, App. 1, §§ 11.04(C), 11.06(C) (emphasis added). Because there is ample evidence in the record of Plaintiff's need for mental health treatment and therapy, *see, e.g.,* AR 375-393, he should not have had to show that he required a highly structured setting.

The Commissioner argues that the ALJ's error does not require reversal because Plaintiff still would have needed to show "marginal adjustment," and the ALJ cited evidence that Plaintiff had better than marginal adjustment. However, given the ALJ's misstatement of the criteria, his summation of the evidence does not build a logical bridge to a finding that Plaintiff had better than marginal adjustment. In support of his findings on the paragraph 'C' criteria, the ALJ stated that Plaintiff attended college, had previous work experience, "left his home unassisted," and engaged in recreational activities. "Marginal adjustment" means "that your adaptation to the requirements

6

of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." 20 C.F.R. 404, Subpt. P, App. 1, §12.00(G)(2)(c). Plaintiff attended college between 2011 and 2012, during which he attempted suicide three times, lost 20 pounds and dropped out during his second semester. There are references in the record to Plaintiff taking online courses and attending an art class, *e.g.*, AR 372, 408. It is not clear why this experience, or the fact that he was occasionally capable of leaving the house alone or engaging in recreation, shows that he could consistently adapt to new environments or changes in his daily life. While they may be evidence that he does not require a "highly structured setting," the ALJ did not sufficiently explain why they show Plaintiff had more than "marginal adjustment," so the decision must be reversed. *See Amanda S. G. v. Saul,* No. 1:18-CV-304 JD, 2019 WL 4594605, at *7 (N.D. Ind. Sept. 23, 2019) (remanding where ALJ misstated the paragraph "C" criteria and failed to adequately explain the basis for the decision); *Rice v. Berryhill*, No. 1:16-CV-00340-SLC, 2018 WL 2112235, at *9 (N.D. Ind. May 8, 2018) (remanding where the "discussion of the 'paragraph C' criteria by the ALJ [offered] . . . at best only a perfunctory analysis of the marginal adjustment criterion" and listing cases).

The Court is also troubled by the treatment of Plaintiff's mental limitations in the RFC. The RFC is an assessment of what work-related activities the claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, both medical and non-medical. See 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and

7

may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)).

At step three, the ALJ found that Plaintiff had moderate limitations in understanding, remembering, or applying information, concentration, persistence and pace, interacting with others, and adapting himself. In the RFC, the ALJ found that Plaintiff could perform a full range of work, but limited him to "simple, routine, repetitive tasks in a setting with occasional changes. The claimant can briefly interact with supervisors, coworkers, and the public if that interaction is limited to speaking-signaling as it is defined in the SCO." The Seventh Circuit Court of Appeals has repeatedly warned that a limitation to unskilled work is generally insufficient to account for moderate limitations in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21 ("In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (finding that limitation to unskilled work did not account for limitations in concentration, pace, and mood swings). That warning is particularly fitting in Plaintiff's case, because the record indicated he was capable of attempting challenging tasks, such as college coursework. But the evidence and medical opinions indicated that he has difficulty working in proximity to others, performing at a consistent pace without numerous breaks, and

8

accepting instructions or criticism, among other issues. *See, e.g.,* AR 106-119. It is not clear how or whether the ALJ's restrictions address these limitations.

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. The ALJ misapplied the listing criteria and did not adequately analyze whether Plaintiff had only "marginal adjustment," and the record is not so clear on that point that it is appropriate to award benefits. Similarly, because the RFC and the hypotheticals to the vocational expert did not properly incorporate Plaintiff's limitations, it is not clear what his limitations should be and whether there are jobs he could perform. On that basis, remand for benefits is not appropriate. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("[T]he record is not so clear that we can award or deny benefits on appeal.").

On remand, the ALJ must analyze the listings with reference to the appropriate criteria, build a logical bridge between the evidence in the record and the conclusions, and appropriately account for Plaintiff's mental limitations in the RFC and in hypotheticals to the VE. Because the Court recommends remand, it does not address Plaintiff's arguments regarding evidence excluded by the Appeals Council and the ALJ. The parties are reminded that while written evidence is due to the ALJ five business days before the hearing, the evidence should generally be admitted if a claimant "actively and diligently sought" the evidence from the appropriate source but did not receive it in time. *See* 20 C.F.R. § 416.1435(a),(b).

**IV.  Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the relief requested in Plaintiff's Opening Brief in Support of his Motion to Reverse the Decision of the

Commissioner of Social Security [DE 14] and **REMAND** this matter for further proceedings consistent with this Report and Recommendation.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 29th day of May, 2020.

                                                     s/ John E. Martin
                                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                                     UNITED STATES DISTRICT COURT

cc:    All counsel of record
       District Judge Damon R. Leichty